**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARCUS ADAMIAN, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> BANK OF AMERICA, N.A., WELLS FARGO ) <br> BANK, N.A., FIRST AMERICAN LOANSTAR ) <br> TRUSTEE SERVICES, LLC, and DOES 1-200, ) <br> inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 10-CV-00049-LHK <br><br> ORDER DISMISSING FEDERAL CLAIM AND REMANDING |

On November 20, 2009, Plaintiff Marcus Adamian filed a complaint against Defendants Bank of America, N.A. (B of A), Wells Fargo Bank, N.A. (Wells Fargo) and First American Loanstar Trustee Services, LLC (First American) in California Superior Court, County of Santa Clara. *See* Notice of Removal (Dkt. No. 1) , Ex. B (Compl.) at 1.  Plaintiff's Complaint alleged violations of California law resulting from the foreclosure sale of his residence located at 2624 Cherry Avenue in San Jose, California. *Id*., Ex. B.

Plaintiff's claims exclusively stated violations of California law, not Federal law. *Id*., Ex. B, 7-14.  However, Plaintiff's fourth cause of action claimed violation of California's Unfair Competition Law (UCL, Cal. Bus. & Prof. Code § 17200) based "solely" on alleged violations of the Federal Truth in Lending Act (TILA), 15 U.S.C.§§ 1601 *et seq*. *Id*., Ex. B at 9.  On January 6, 2010, Wells Fargo and B of A (the Banks) jointly removed this action from the Superior Court

1

Case No.: 10-CV-00049-LHK
ORDER DISMISSING FEDERAL CLAIM AND REMANDING

based on this Court's original jurisdiction over Plaintiff's TILA claim, under 28 U.S.C. § 1441(b). *See* Notice of Removal at ¶ 5. Regarding all of Plaintiff's other claims, the Banks alleged this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c). *Id*. ¶ 6. First American joined in the notice of removal. *Id*., Ex. A.

The Banks moved to dismiss all of Plaintiff's claims on January 13, 2010; First American similarly moved on January 19, 2010. *See* Dkt. Nos. 5,7. After this, on June 4, 2010, Plaintiff filed an Amended Complaint. Again, Defendants moved to dismiss the Amended Complaint. Banks' Mot. to Dismiss (Dkt. No. 22); First American Mot. to Dismiss (Dkt. No. 24).

In their Motion to Dismiss, the Banks argue that all of Plaintiff's claims, including the fourth cause of action, should be dismissed. As in the initial Complaint, the fourth cause of action in the Amended Complaint alleges violations of the California UCL based "solely" on underlying TILA violations. Amended Complaint (Dkt. No. 15) at ¶¶ 51-55. The Banks argued that this claim should be dismissed for failure to state a claim. *See* Banks' Mot. to Dismiss at 9-13. In his Opposition to the Banks' Motion to Dismiss, Plaintiff states that he "[d]oes not oppose Defendants' motion to dismiss his fourth cause of action." *See* Pl.'s Opp'n (Dkt. No. 37) at 8. Accordingly, the Court hereby DISMISSES Plaintiff's fourth cause of action WITH PREJUDICE.

Dismissal of this cause of action removes the only federal claim, and the only source of original federal jurisdiction, from Plaintiff's Amended Complaint. In this situation, it is within the Court's discretion to exercise supplemental jurisdiction over the remaining claims, or not. *Carlsbad Tech*., *Inc*. *v*. *HIF BIO*, *Inc*., 129 S. Ct. 1862, 1866-67 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .) ." The Court declines to exercise supplemental jurisdiction over the rest of Plaintiff's claims. Therefore, this matter is hereby REMANDED to the Superior Court for Santa Clara County. The hearing on the Defendants' Motions to Dismiss, set for October 21, 2010 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: October 18, 2010

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-00049-LHK
ORDER DISMISSING FEDERAL CLAIM AND REMANDING